# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DAVID R. MRAZ,**

    **Plaintiff,**

**vs.**                                                  **Case No. 4:17cv387-WS/CAS**

**DR. CRUZ PAGAN-DELGADO,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a second amended complaint [hereinafter "complaint"] on November 6, 2017. ECF No. 11. Defendant filed a motion to dismiss, ECF No. 26, in response to the complaint. Defendant contends that the complaint fails to state a claim and that Plaintiff did not exhaust administrative remedies. *Id.* An Order was entered on May 31, 2018, advising Plaintiff of his obligation under N.D. Fla. Loc. R. 7.1 to file a memorandum in opposition. ECF No. 27. Plaintiff was given until July 2, 2018, to do so, and advised that Defendant's motion may be granted "by default" if Plaintiff did "not file a memorandum as required by" Rule 7.1(H). Plaintiff was specifically advised that he "must

demonstrate that he properly exhausted administrative remedies *prior* to filing this case." ECF No. 27.  Despite that warning, Plaintiff did not file a response in opposition to Defendant's motion to dismiss.

**Allegations of the Second Amended Complaint, ECF No. 11**

While housed at Franklin Correctional Institution, Plaintiff alleged that he suffered a medical emergency in September of 2015.  ECF No. 11 at 5.  Dr. Delgado diagnosed him with pneumonia and provided treatment.  *Id.*  During that period of treatment, Plaintiff suffered "organ failure" and was transported to Tallahassee Memorial Hospital and placed in the Intensive Care Unit.  *Id.* at 6.  Plaintiff contends that the treatment ordered by Dr. Delgado caused him to suffer kidney failure.  *Id.*

**Standard of Review**

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement."  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)).  Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter."  Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing to Bryant, 530 F.3d at 1373-74). 'If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373–74, 1376).[1] The burden of proof for evaluating an exhaustion defense rests with the defendant. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required

---

[1] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376.

Case No. 4:17cv387-WS/CAS

to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

**Motion to Dismiss, ECF No. 26**

Defendant points out that Plaintiff submitted copies of his grievances with the initial complaint. ECF No. 25 at 2. Those grievances were filed in April 2016 through July 2017. *Id.*; *see also* ECF No. 1 at 13-28. Without citing to any specific grievance, Defendant contends that when Plaintiff "finally filed an appeal nearly two years after the incident of which he complains, he was told that the appeal and all his previous attempts were time barred." ECF No. 26 at 10-11. Thus, Defendant contends Plaintiff did not properly exhaust administrative remedies and this case should be dismissed. *Id.* at 11.

The Court has reviewed Plaintiff's grievances which were submitted as attachments to the initial complaint. ECF No. 1. The attachments are not clearly organized and not all grievance responses could be coordinated with grievances. In general, a response has a grievance log number at the top, *see* ECF No. 1-5, but several of Plaintiff's grievances do not contain log numbers. See ECF No. 1-6; ECF No. 1-8. Additionally, several of those exhibits concern Plaintiff's request for copies, ECF No. 1-8, and are

Case No. 4:17cv387-WS/CAS

not relevant to the issue of exhaustion. Nevertheless, the following information has been gleaned from those exhibits.

Plaintiff first submitted a direct grievance to the Secretary on February 1, 2016, complaining about the medical care he received. ECF No. 1-2. That grievance was returned without action on February 14, 2016. because Plaintiff did not provide a satisfactory reason for bypassing the first level of the grievance procedure. ECF No. 1-2.

Plaintiff then filed an informal grievance on April 5, 2016, to the warden's office. ECF No. 1-3. Plaintiff claimed he did not receive proper medical care and had to be sent to an outside hospital. *Id.* The grievance was addressed on the merits and denied, stating that Plaintiff was "treated properly and" was not "denied any needed medical care." ECF No. 1-4.

Nearly a year later Plaintiff submitted a grievance to the warden concerning the medical care he received at Franklin Correctional Institution in September and October of 2015. ECF No. 1-9 at 7. That grievance was received in the warden's office on February 16, 2017, and denied on February 21, 2017. *Id.* It was also denied on the merits, stating that the medical care Plaintiff "received was appropriate." ECF No. 1-9 at 6.

Furthermore, Plaintiff was advised that he could submit an appeal to the Secretary's Office if he was not satisfied with the response received. *Id.*

Plaintiff did so on March 18, 2017, asserting that he was in "total disagreement with" that response and arguing that he suffered permanent damage due to "not getting proper medical care" while at Franklin Correctional Institution. *Id.* at 5. Plaintiff's grievance appeal was returned without action." ECF No. 1-9 at 8. The response stated that Plaintiff was "outside the timeframe to grieve an issue that happened in September/ October 2015 and the institution should have returned [his] formal grievance." *Id.* The response advised Plaintiff that "[j]ust because the institution failed to return [his] formal grievance" as untimely did not mean that the Secretary's Office could not return his appeal for that reason. *Id.* That response was provided to Plaintiff on July 21, 2017, nearly two years after the events occurred about which Plaintiff complains.

**Analysis**

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." 42 U.S.C. § 1997e(a) (quoted in Ross v. Blake, 136 S. Ct. 1850, 1854-55, 195 L. Ed. 2d 117 (2016)). The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). "[D]efendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008); *see also* Jones, 127 S.Ct. at 921 (concluding "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

The purpose of exhaustion is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quoted in Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015)). In doing so, prisoners must "properly exhaust" administrative remedies by complying with prison

grievance procedures. Jones, 549 U.S. at 218, 127 S.Ct. at 922-23. Prisoner must comply with the process set forth and established by the State's grievance procedures. Woodford, 548 U.S. at 93, 126 S.Ct. at 2387 (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).

The Florida Department of Corrections' grievance procedure permits inmate to file grievances concerning a "medical nature." FLA. ADMIN. CODE R. 33-103.008. A formal grievance must be filed at the institutional level and, if the inmate is not satisfied with the response, a grievance appeal must be filed with the Office of the Secretary. *Id.* The rule then in effect required that the formal grievance must be "received no later than 15 calendar days from either the "date on which the informal grievance was responded to" or the "date on which the incident or action being grieved occurred." FLA. ADMIN. CODE R. 33-103.011(1)(b) (effective 4-20-14). The rule required that a grievance appeal be received "within 15 calendar days from the date the response to the formal grievance [was] returned to the inmate." FLA. ADMIN. CODE R. 33-103.011(1)(c). Extensions of time are permissible, but are granted only "granted when it is clearly demonstrated by the inmate to the satisfaction of the reviewing authority . . . that it was

not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner." FLA. ADMIN. CODE R. 33-103.011(2). No such showing has been made, nor has it been shown that Plaintiff ever requested an extension of time.

Plaintiff's grievances were not timely submitted. Although his earlier grievances were addressed on the merits, his grievance appeal was not. A federal district court "may not find a lack of exhaustion by enforcing procedural bars that the prison declined to enforce." Whatley, 802 F.3d at 1213-14. Here, the Secretary's Office enforced that bar, and so must this Court. It is concluded that Plaintiff did not properly exhaust his available administrative remedies as required. The unopposed motion to dismiss for failure to exhaust administrative remedies should be granted pursuant to 42 U.S.C. § 1997e and 28 U.S.C. § 1915(e)(2)(B)(ii).

"A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal for failure to exhaust remedies is counted as a strike under § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199,

127 S.Ct. 910, 166 L.Ed.2d 798 (2007));[2] *see also* Nelson v. Singer, 2013 WL 2285088, at *1 (M.D. Fla. May 22, 2013) (citing to Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008)); Wright v. Mims, No. 1:13cv845, 2013 WL 4013163, at *2 (N.D. Ga. Aug. 5, 2013).  Because Plaintiff's claim is unexhausted, it is not a claim upon which relief may be granted and dismissal under § 1915(e)(2)(B)(ii) is appropriate.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the unopposed motion to dismiss, ECF No. 26, be **GRANTED**, Plaintiff's second amended complaint, ECF No. 11, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff's motion for a temporary injunction, ECF No. 24, be **DENIED**,[3] and that the Order adopting this Report and Recommendation direct the Clerk of Court

---

[2] Jones v. Bock held that exhaustion was not a pleading requirement but an affirmative defense and "noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."  549 U.S. at 216.

[3] There is no need to address Plaintiff's motion for a temporary injunction, ECF No. 24, in light of the fact that his claim is not exhausted.  It is noted, however, that Plaintiff sought to have medical treatment provided by someone other than the Defendant.

to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 29, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**